UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| SCOTT D. SHEPPARD, | ) |
| Plaintiff, | ) Civil Action No. 5: 08-453-KKC |
| vs. | ) |
| T. BAKER and K. TUNNELL, | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\*\*  \*\*\*\*  \*\*\*\*

Plaintiff Scott D. Sheppard, a prisoner incarcerated at the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* civil rights action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] The Court has granted his motion to proceed without prepayment of the filing fee by prior order. [R. 4][1]

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Sheppard is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines

---

[1] During the pendency of this matter, Sheppard filed a motion to voluntarily dismiss the case because he cannot afford to pay the filing fee, even in installments. [R. 5] However, Sheppard makes clear that he does not wish his case to be dismissed if such dismissal would not relieve him of his obligation to make payments on the filing fee. Because a prisoner becomes liable for the entire amount of the filing fee upon the filing of the complaint, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 2003), dismissal of the complaint would not accomplish the goal Sheppard seeks. Accordingly, in accordance with his wishes, the Court will deny his motion to dismiss his case.

the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

## I. FACTUAL BACKGROUND

On December 4, 2007, after a conversation with a prison officer, Sheppard was charged with being insolent to a staff member. The next day Sheppard was brought before the Unit Disciplinary Committee ("UDC") to hear their recommendation with respect to the charge. Sheppard alleges that he asked at that time for his boss and co-worker be called as witnesses at the hearing. Sheppard also asked that, if this were not possible, they be interviewed and statements taken to be presented to the UDC to refute the charge. Sheppard alleges that neither of his requested witnesses were permitted to testify nor statements taken from them.

Sheppard indicates that the UDC conducted its hearing on the matter without him being physically present. The Incident Report attached to Sheppard's Complaint indicates that the UDC found Sheppard guilty of the infraction and sanctioned him with the loss of visitation privileges and commissary privileges for 90 days. Sheppard alleges that when a written copy of the UDC's Incident Report was delivered to him, he was not verbally informed of his right to appeal the UDC's decision.

Notwithstanding this alleged failure, on December 27, 2007, Sheppard filed a grievance challenging the UDC's decision with the warden. Sheppard challenged the disciplinary conviction on the ground that the UDC failed to call or interview witnesses as he requested and failed to advise him of his right to appeal its decision. Sheppard asserted that these failures violated his right to due process under the Fifth Amendment and were contrary to BOP Program Statement 5270.07. The warden denied the grievance, and Sheppard's appeals to the Mid-Atlantic Regional Office and

Central Office were likewise denied. Through the present action Sheppard seeks expungement of the disciplinary report, monetary damages, and injunctive relief.

## II.   DISCUSSION

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that before a prison may forfeit a prisoner's good time credits for violation of prison rules, procedural due process requires that the prisoner receive advance written notice of the claimed violation, should generally be allowed to call witnesses and present evidence in his defense, and must be given a written statement as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.* at 561. However, the procedural due process rights described in *Wolff* are only required where the prisoner is being deprived of a thing in which he holds a legally-protected property or liberty interest. *Mitchell v. Horn*, 318 F.3d 523, 531 (3rd Cir. 2003). For a prisoner, a deprivation of a legally cognizable liberty interest occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Thus, to determine whether a person's right to procedural due process has been violated, a court first enquires whether the government has taken a thing from the plaintiff which is so fundamental to the concept of ordered liberty as to warrant protection under the Due Process Clause, and if so, then determine whether the procedures used to deprive the prisoner of his or her interest were constitutionally adequate. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989).

In the present case, Sheppard's Complaint fails to satisfy either of the two required elements to state a Due Process claim. First, the UDC imposed two sanctions: the loss of commissary and telephone privileges for 90 days. Well-established case law in the Sixth Circuit holds that the loss

of such privileges does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" under *Sandin*. *Weinberger v. United States*, 268 F.3d 346, 361 (6th Cir. 2001). Because Sheppard was not deprived of any thing protected by the Due Process Clause, he cannot state a claim for either a procedural or substantive due process violation, regardless of whether the BOP complied with its own internal regulations regarding the conduct of disciplinary hearings. *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.1997); *Wilson v. Wellman*, 238 F.3d 426, 2000 WL 1829265, **3 (6th Cir. 2000) (unpublished disposition) (since the plaintiff did not suffer the loss of good-time credits or any other action affecting the duration of his sentence, he had no due process claim because his punishment, including disciplinary segregation, did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life). Accordingly, Sheppard's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Motion to Dismiss [R. 5] is **DENIED.**

2. Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE.**

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 2nd day of February, 2009.



Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**